```
                                                              FILED
                                                              APR 1 1 2008
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA             NANCY MAYER WHITTINGTON, CLERK
                                                            U.S. DISTRICT COURT
```

JAMES DALTON BELL,              )
                                )
        Petitioner,[1]          )
                                )
    v.                          )         Civil Action No. 08 0633
                                )
PERSONS ACTING AS "UNITED STATES )
PAROLE COMMISSION," *et al.*,   )
                                )
        Respondents.            )

## MEMORANDUM OPINION

This matter comes before the Court upon review of petitioner's application for leave to proceed *in forma pauperis* and *pro se* "Habeas Corpus Civil Action Under 28 U.S.C. § 2241 on Behalf of All Pre-SRA (1987) Federal Prisoners and Parolees[,] Motion for Certification of Class Action: F.R.Civ.P. 23[,] Motion for Appointment of Class Counsel: F.R.Civ.P. 23(g)[,] Relation of Violations Under 31 U.S.C. § 3729, et seq. 'Civil False Claims Act', and Action Thereunder by Relaters Bell and Del Raine." The application will be granted but the pleading will be dismissed.

Petitioner purports to bring a habeas action under 28 U.S.C. § 2241 on behalf of Ronald Del Raine and other federal prisoners who were sentenced before November 1, 1987, the effective date of the Sentencing Reform Act. Pet. at 1b. Although petitioner may represent himself as a *pro se* litigant, he is a lay person who is not qualified to appear in this Court on

---

[1] Ronald Del Raine has not signed the petition as is required by Rule 11(a) of the Federal Rules of Civil Procedure and neither has submitted an application to proceed *in forma pauperis* nor has paid the filing fee. Accordingly, Del Raine will be dismissed without prejudice as a party to this action.

behalf of another person. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Moreover, because petitioner does not challenge his own detention, Pet. at 1b, he lacks standing to pursue these habeas claims in court. He cannot show that his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent,' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). Standing may be denied where, as here, this *pro se* litigant seeks to assert the rights of third parties. *Navegar, Inc.*, 103 F.3d at 998; *see also Bell v. United States*, No. 08-CV-00632 (ARR), 2008 WL 533543, at *1 (E.D.N.Y. Feb. 27, 2008) ("It is settled that non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others."); *Bell v. United States*, No. 08-3051-RDR, 2008 WL 508680, at *1 (D. Kan. Feb. 22, 2008) (concluding that "petitioner has no standing to represent current or former prisoners"); *Bell v. United States*, No. 08-052-JHP, 2008 WL 450367, at *1 (E.D. Okla. Feb. 15, 2008); *Bell v. United States*, No. 6:07-cv-1926-Orl-22GJK, 2008 WL 434877, at *1 (M.D. Fla. Feb. 14, 2008) (concluding that petitioner "lacks standing to represent 'all current and past federal prisoners' or 'persons no longer incarcerated'").

With respect to petitioner's claims under the False Claims Act, a "private person[] acting on behalf of the government may sue those who defraud the government and may share in any proceeds ultimately recovered." *United States ex rel. J. Cooper & Assoc., Inc. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225, 233 (D.D.C. 2006); *see* 31 U.S.C. §3730(b) ("A person may bring a civil action for a violation of [the False Claims Act] for the person and for the United

States Government."). That person, called a relator, represents the interests of the United States. *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F.Supp.2d 10, 16 (D.D.C. 2003), *aff'd*, No. 03-7120, 2004 WL 180254 (D.C. Cir. Jan. 21, 2004), *cert. denied*, 543 U.S. 820 (2004). "Despite the fact that the relator is entitled to share in the recovery, in qui tam actions, the government remains at all times the 'real party in interest.'" *United States ex rel. Schwartz v. TRW, Inc.*, 118 F.Supp.2d 991, 994 (C.D. Cal. 2000) (quoting *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994)). This relator, then, "is not qualified as a lay person to represent the interests of the United States in court proceedings." *United States ex rel. Rockefeller*, 274 F. Supp. 2d at 16; *United States ex rel. Fisher v. Network Software Assoc.*, 377 F. Supp. 2d 195, 196 (D.D.C. 2005) (dismissing complaint without prejudice because *pro se* plaintiff may not maintain suit as *qui tam* relator without the assistance of counsel).

Assuming without deciding that plaintiff states a viable claim under the False Claims Act, the complaint must be dismissed. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

Date: 3/25/08

/s/ Rosemary M. Collyer
United States District Judge